Mr. Justice MacArthur
delivered the opinion of the court:
The rule that a deed absolute on its face may be shown by parol evidence to be a security for a loan of money, is now well-settled law. The assignment in the present case is a sale of securities, and, at the date of the instrument, these securities were simply claims of doubtful value. There was no certainty that the injuries sustained from the Alabama would ever be recognized or paid by the government. It is a circumstance which we cannot overlook that they had no value, except a speculative one, until a year afterwards, when the treaty of Washington was entered into by the United States and the Government of Great Britain. Under these circumstances no inference in favor of this being a loan is to be drawn from the fact that the amount paid was greatly less than the face of the claims. The disproportion, we think, therefore, should not have much weight either way. The parties purchasing assumed the risk of losing the whole, and it appears that the complainant had made previous unsuccessful attempts to dispose of them to other parties, thus showing the doubtful character of their value among persons engaged in that business.
The form of the deed is an absolute transfer of these claims. There is no provision made for repaying the money, and it is admitted that in order to show that the transaction was a loan, the express terms of the instrument must be overruled by the parol statements of witnesses. This kind of proof is admissible, but it ought clearly to show that the contract did not express the intention of the parties. The testimony, we think, *117 is inadequate to establish the fact of a loan. The defendants Osgood & Stetson flatly contradict the complainant, and swear positively to the sale. The answer, which is responsive to the bill, denies that it was a loan. A single witness will not be sufficient to overcome the answer of the defendant, especially when it is supplemented by their examination as witnesses. The testimony of West, who was examined by the plaintiff, is equivocal. Stetson testifies that on the occasion referred to by West he asked for a special power of attorney, becausb he had been informed that the complainant was endeavoring to sell the claims over again. We can, therefore, attach no special importance to this circumstance. West also swears that Stetson spoke of the assignment as a security. It is to be noted that the witness is speaking of a conversation in the office of the complainant, and is, therefore, carefully to be considered and cautiously to be admitted. This is the only circumstance in the case, aside from what the complainant has said, that is entitled to any weight; but the court cannot attach such an importance to an acknowledgment, coming from a single witness, and which may have been qualified or misunderstood, so as to overthrow a written instrument and impeach the pleadings in the case. This would be giving an effect to parol proof which would endanger the integrity of any contract executed for a money consideration.
The decree below must be continued.